IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ASHLEY KIRBY,                                                    PLAINTIFF

v.                          CASE NO. 3:19-cv-188-DPM

SAFECO INSURANCE COMPANY OF ILLINOIS,                          DEFENDANT

SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF
SAFECO'S MOTION TO DISMISS

Safeco Insurance Company of Illinois' ("Safeco") demonstrated in its supplemental brief that Ashley Kirby's ("Kirby") Complaint is doomed because it is premised entirely on purported violations of Insurance Regulation 43. Since there is no private right of action in the implementing statute for Regulation 43, Kirby has no standing to enforce it. By its plain terms, the Insurance Code's Trade Practices Act ("TPA") does not confer a private right of action to individual policyholders. *See* Ark. Code Ann. § 23-66-202(b). Rather, section 202(b) of the TPA explicitly states that "no provisions of this subchapter are intended to establish . . . a private right of action for a violation of any provision of this subchapter." *Id.*

Courts have therefore dismissed private actions premised on a violation of Regulation 43. *Design Professionals Ins. Co. v. Chicago Ins. Co.*, 454 F.3d 906, 911-912 (8th Cir. 2006) ("[I]t provides no private right of action to insureds for violations of the Act or of regulations promulgated under the Act's authority."); *Paine v. Jefferson Nat. Life Ins. Co.*, No. 2:07CV00124-JLH-BD, 2008 WL 4809824, at *8 (E.D. Ark. Oct. 28, 2008) ("While the [Trade Practices Act] gives the state authority to establish rules of conduct and punish offenders, it does not give private individuals, who are insured, the authority to bring a private cause of action

against an insurance company for violations of the Act *or for violations of regulations promulgated under the Act*.") (emphasis added).[1]

In her response brief, Kirby ignores the plain language of the statute and instead raises a variety of creative arguments, none of which are availing.

## I.      There Is No Common Law Or ADTPA Claim For A Violation Of Regulation 43.

Kirby first argues in her response brief that the Arkansas Constitution allows her to pursue a "common law" cause of action premised on a violation of Regulation 43.  Resp. at 2. Kirby, however, does not identify the common law claims to which she is referring, and her argument is circular in any event.  There are hundreds (perhaps thousands) of Arkansas statutes that private citizens have no right to enforce.  That is because only the State of Arkansas is charged with enforcing them.  Under Kirby's interpretation of the Arkansas Constitution, however, private citizens could sue each other for violating any of these regulations, including parking, traffic, or criminal statutes under a common law theory.

In support of this novel theory, Kirby relies on a footnote from the Arkansas Supreme Court's decision in *Baptist Health v. Murphy*, 365 Ark. 115, 126 n. 5 (2006).  In that footnote, the court held that breach the statutes at issue "create[d] no private right of action" but could be used to determine whether the plaintiff could satisfy the "impropriety" *mens rea* element of the tortious interference and anti-kickback claims at issue.  *Id.* That footnote is not relevant since Kirby is not merely seeking to establish the *mens rea* element of a particular claim by alleging a breach of Regulation 43.  Instead, her ***entire*** claim is for a breach of Regulation 43.

---

[1] Kirby also relies on *Bryant v. State Farm Fire & Cas. Co.*, 2013 WL 1445482, at *5 (E.D. Ark. Apr. 9, 2013).  In *Bryant*, the court found that there is no "no private right of action" under the TPA but allowed the plaintiff to proceed on a bad faith claim because the plaintiff had pled "facts and circumstances" supporting a bad faith claim separate and apart from a violation of the TPA.  Here, Kirby has not alleged anything separate and apart from a violation of Regulation 43.

In a similar vein, Kirby later argues (resp. at 6-7) that the Arkansas Deceptive Trade Practices Act ("ADTPA") can serve as a vehicle to enforce statutes like Regulation 43 that do not have their own private right of action. Once again, that would turn Arkansas law on its head by providing a cause of action for virtually *any* infraction of a criminal or civil statute, including violations of criminal and regulatory provisions that are enforced only by state and local municipalities. The ADTPA is not a catchall cause of action for any legal grievance. Instead, the statute sets forth very specific elements for a cause of action, and violating Regulation 43 is not one of them.

Kirby's own cases prove this point. In *M.S. Wholesale Plumbing, Inc. v. Univ. Sports Publications*, 2008 WL 90022, at \*4 (E.D. Ark. Jan. 7, 2008), the statutes at issue, the Telephonic Sellers Act and School Calendar Act, both expressly provided that "a violation of statute provisions constitute a *per se* violation of the ADTPA." *Id.* There is no such provision in Regulation 43, which demonstrates exactly why the Court should not allow plaintiffs to use the ADTPA in order to allege a violation of Regulation 43.

## II.     Safeco Is Not Arguing That The TPA Preempts Bad Faith Claims.

Kirby next argues that the Arkansas Supreme Court has already considered the issues raised here. In support of this argument, Kirby relies on *Aetna Casualty and Surety Co. v. Broadway Arms Corp.*, 281 Ark. 128 (1983) and *Employers Equitable Life Ins. Co. v. Williams*, 282 Arks. 29 (1984). *Aetna* and *Williams*, however, dealt solely with whether the TPA preempts a claim for bad faith. Safeco is not arguing that the TPA preempts claims for bad faith. Instead, Safeco is arguing that there is no private right of action based on a violation of Regulation 43

under the express language of the TPA and the cases interpreting it. *Design Professionals Ins.*, 454 F.3d at 911-912; *Paine,* 2008 WL 4809824, at \*8.[2]

### III. *Design Professionals* **Is Binding On This Court.**

Finally, Kirby attempts to distance this case from the Eight Circuit's decision in *Design Professionals.* Resp. 8–11. Kirby first attempts to distinguish the decision, but Kirby's lengthy discussion of the opinion over-complicates the court's simple holding. The Eighth Circuit found unequivocally that the plaintiff there could not incorporate portions of Regulation 43 as part of its claim since there is no private right of action for breaching Regulation 43 under the TPA. 454 F.3d at 909. The court could not have been more clear, and Kirby's efforts to parse the decision fall short.[3]

Kirby's separate argument (resp. at 10-11) that *Design Professionals* was "weakened" by the Arkansas Supreme Court's decision in *Air Evac EMS, Inc. v. USAble Mut. Ins. Co.*, 2017 Ark. 368 (2017) also misses the mark. *Air Evac* contains no discussion of the TPA or the Eighth Circuit's decision in *Design Professionals*, and courts continue to apply *Design Professionals* to dismiss private actions brought for violating Regulation 43. *See e.g., Parker Law Firm v. Travelers Indem. Co.*, 2018 WL 3999826, at \*4 (W.D. Ark. Aug. 21, 2018). Accordingly, *Design Professionals* is binding on this Court.

---

[2] Kirby also relies on *Bryant v. State Farm Fire & Cas. Co.*, 2013 WL 1445482, at \*5 (E.D. Ark. Apr. 9, 2013). In *Bryant*, the court found that there is no "no private right of action" under the TPA but allowed the plaintiff to proceed on a bad faith claim because the plaintiff had pled "facts and circumstances" supporting a bad faith claim separate and apart from a violation of the TPA. Here, Kirby has not alleged anything separate and apart from a violation of Regulation 43.

[3] For example, Kirby argues (resp. at 9) without citation that *Design Professionals* involved a "substantive" portion of Regulation 43, while the portion of Regulation 43 at issue here is "procedural."

## CONCLUSION

For all the foregoing reasons, the Court should dismiss Kirby's Complaint with prejudice.

Respectfully submitted,

Stuart P. Miller, AR Bar No. 88137
Attorney for Defendant
**MITCHELL, WILLIAMS, SELIG,**
**GATES & WOODYARD, P.L.L.C**
4206 South J.B. Hunt Drive, Ste. 200
Rogers, AR 72758
Telephone: (479) 464-5670
smiller@mwlaw.com

AND

James A. Morsch
Casey T. Grabenstein
**SAUL EWING ARNSTEIN & LEHR**
161 N. Clark St., Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7810
jim.morsch@saul.com
casey.grabenstein@saul.com